**W. S. HENSLEY, Appellant,**

v.

**Carl STINSON et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 24, 1956.

Charles G. Cole, Jr., Barbourville, Pleaz W. Mobley, Manchester, for appellant.

Lyttle & White, J. D. White, Manchester, for appellees.

CAMMACK, Judge.

This is an appeal from a judgment which denied a mandatory injunction sought by the appellant, W. S. Hensley, to require the appellees to remove a concrete retaining wall allegedly encroaching upon his lands. The parties are owners of adjoining tracts of land and the dispute involves the location of their common boundary.

The issues were tried before an advisory jury, whose findings were adopted by the trial judge as his own. He concluded that (1) the wall itself was wholly on the lands of the appellees; (2) the supporting pilasters of the wall encroached upon the lands of Hensley; and (3) one of the disputed boundary lines was 92.83 feet in length (appellees' deed called for a distance of "about ninety (90) feet"). Also, the judgment enjoined certain other alleged trespasses and denied injunctive relief for others; and awarded damages to Hensley for the aggravated accessibility to houses owned by him which was caused by the construction of the retaining wall. None of the latter portions of the judgment are involved on this appeal.

Hensley contends that the first and third findings of fact are not supported by the

594

evidence, and that, in view of finding No. 2, the trial judge erred in not requiring the removal of the encroaching pilasters. As to the latter, the judgment recites:

" * * * It is further understood that the pilasters may be retained back of said wall, but such retention will in nowise grant a prescriptive right to the defendants to make any use of plaintiff's property, but will serve only the purpose of maintaining the wall and help make the back of said fill."

■■ Since the appellees conceded that the pilasters encroached upon Henssley's property, he was entitled either to a removal of the encroachment, or payment in damages resulting therefrom. We agree that the mandatory injunction should be denied, because the circumstances reveal that an adequate remedy at law is available. Nevertheless, the trial judge should have made a finding concerning damages resulting from the encroaching pilasters. In this respect, the reservation that no prescriptive right should mature does not afford adequate protection to Hensley because his property is being used continuously by the appellees to support their wall. Hence, we conclude that the judgment should be reversed for a finding on the question of damages resulting from the pilasters.

■ We find no merit in Hensley's contention that the findings of fact concerning the location of the disputed boundary and the retaining wall are erroneous. Under CR 52.01, we will not set aside such findings unless they are clearly erroneous. At the trial, both parties introduced surveyors who testified in support of their respective positions. The record reveals adequate evidence to support either view, and under these circumstances we are unable to conclude that the findings of the trial judge in this respect are clearly erroneous.

The judgment is affirmed in part, and reversed in part, for proceedings consistent with this opinion.